United States District Court
Southern District of Texas
**ENTERED**
February 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GENARO LOPEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-697 |
| § | |
| BANK OF AMERICA, N.A., *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Defendants Anna Sewart, David Barry, Byron Sewart, Keith Wolfshohl, Helen Henderson, David Stiles, Patricia Poston, Shonia Shaw, Cole D. Patton and Denny Tedrow's (collectively, "Substitute Trustees") Motion to Dismiss under Texas Property Code Section 51.007(c), Doc. 11. Plaintiffs Genaro Lopez and Mary R. Lopez ("Lopezes") have not responded. After careful consideration of the filings, record, and law, the Court is of the opinion that the motion should be granted and that this case should be dismissed without prejudice.

On February 3, 2017, the Lopezes filed their Original Verified Petition and Application for Temporary Restraining Order to prevent a "foreclosure sale" of their "homestead" in the 190th Judicial District of Harris County, Texas, as Cause No. 2017-07939. Doc. 1-1 at 7, 11. Attached to their Petition was a "Notice of Substitute Trustee Sale" listing the Substitute Trustees as substitute trustees. Doc. 1-1 at 64.

On March 5, 2017, Substitute Trustees, along with co-defendants Bank of America, N.A., Mortgage Electronic Systems, Inc., and Santander Bank, N.A., removed the case to this Court. Doc. 1. Substitute Trustees next filed an Answer and Verified Denial, asserting that they are "not a necessary party" because "they were named as defendants in this suit because they were

appointed as substitute trustees with respect to the deed of trust at issue in this suit," attaching the required verifications. Doc. 9. Substitute Trustees then filed a Motion to Dismiss "them from this suit" under Texas Property Code Section 51.007(c). Doc. 11. The Lopezes did not respond.

Section 51.007 of the Texas Property Code provides a procedure under which a trustee may be dismissed from a case. Specifically, Section 51.007(a) states that a trustee named in a suit "may plead in the answer [by a verified denial] that the trustee is not a necessary party" to the action." *See* TEX. PROP. CODE ANN. § 51.007(a); TEX. R. CIV. P. 93. This verified denial must "stat[e] the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee." *Id*. Within thirty days, the plaintiff must then file a "verified response" rebutting the trustee's claim. § 51.007(b). If the plaintiff does not file a timely verified response, "the trustee shall be dismissed from the suit or proceeding without prejudice." § 51.007(c); *Morgan v. Chase Home Fin., LLC*, 306 Fed. Appx. 49, 52 (5th Cir. 2008) (upholding trustee dismissal where plaintiff did not respond to trustee's motion); *see also Vargas v. Martin*, No. 1:16-CV-172, 2017 WL 2876482, at *2 (S.D. Tex. July 6, 2017) (Hanen, J.) ("Under Texas law, a trustee under a deed of trust is not a necessary party in a suit to prevent a foreclosure."). However, if the plaintiff does file a timely verified response, the court will hold a hearing on the matter and will dismiss the trustee "if the court determines that the trustee is not a necessary party." § 51.007(d); *Rodriguez v. Ocwen Loan Servicing LLC*, No. CIV.A. C-07-471, 2008 WL 65405, at *5 (S.D. Tex. Jan. 4, 2008) (Jack, J.) (holding that trustees may be dismissed only under certain circumstances).

Here, Substitute Trustees have met the statutory requirements for dismissal. Substitute Trustees plead that they were not a necessary party in their answer, along with a verified denial. *See* TEX. PROP. CODE ANN. § 51.007(a); TEX. R. CIV. P. 93. The Lopezes did not respond. Also,

the Lopezes make no specific claims against the Substitute Trustees in their Verified Petition, and a trustee under a deed of trust is not a necessary party in a suit to prevent a foreclosure. *See Vargas*, 2017 WL 2876482, at *2. Thus, the Court holds that the Substitute Trustees "shall be dismissed from the suit or proceeding without prejudice." *See* TEX. PROP. CODE ANN. § 51.007(c); *Morgan*, 306 Fed. Appx. at 52. Accordingly, the Court hereby

**GRANTS** Substitute Trustees' Motion to Dismiss under Texas Property Code Section 51.007(c), Doc. 11.

**IT IS FURTHER ORDERED** that all claims against the Substitute Trustees are **DISMISSED** without prejudice.

SIGNED at Houston, Texas, this 7th day of February, 2018.

                                                     _____
                                                     MELINDA HARMON
                                                     UNITED STATES DISTRICT JUDGE