UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENARO LOPEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-697 |
| | § | |
| BANK OF AMERICA, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Defendants Bank of America, N.A. ("BANA"), Mortgage Electronic Systems, Inc. ("MERS"), and Santander Bank, N.A., ("Santander") (collectively, "Banks") Motion to Dismiss under 12(b)(6) ("Motion"), Doc. 10, and Plaintiffs', Genaro Lopez and Mary R. Lopez ("Lopezes"), Response, Doc. 20. Having considered the Banks Motion, the facts in the record, and the applicable law, the Court concludes that the Banks' Motion should be denied as moot without prejudice.

As stated in the prior case involving this same property, "[t]his case is one of the many disputes between homeowners seeking to stave off foreclosure and retain their homes, and lenders seeking to enforce a mortgage contract in the face of default and delinquency." *Lopez v. Sovereign Bank, N.A.*, CIV.A. H-13-1429, 2015 WL 1802910, at *1 (S.D. Tex. Apr. 17, 2015). The history of this case is detailed in a prior opinion and order and is incorporated herein.

Here, as alleged in their Original Verified Petition and Application for Temporary Restraining Order, filed on February 3, 2017, in the 190th Judicial District of Harris County, Texas, the Lopezes filed this lawsuit to prevent a "foreclosure sale" of their "homestead" located at 10311 Fountain Shores Drive, Houston, Texas 77065 (the "Property"). Doc. 1-1 at 7, 11–14. The Lopezes filed their Petition requesting a temporary injunction and bringing claims for

common law fraud, breach of contract, violation of the Real Estate Settlement Procedures Act ("RESPA"), and violation of the Texas Debt Collection Practices Act ("TDCPA"). Doc. 1-1 at 21–29.

On March 5, 2017, the Banks removed the state-court action to federal court on the basis of diversity jurisdiction and federal question jurisdiction. Doc. 1 at 3–6. The Lopezes have not objected to removal. The Banks subsequently filed their Motion to Dismiss, alleging the Lopezes "fail to state a cognizable claim for relief." Doc. 10 at 6.

The Lopezes then moved to substitute their attorney, Doc. 18, which the Court granted. Doc. 23. The Lopezes next filed a Motion to Amend their Complaint, Doc. 19, and a Response to the Motion to Dismiss, Doc. 20. The Lopezes supplemented their Motion to Amend with a certificate of conference showing that the Motion to Amend was now unopposed, Doc. 22, and the Court granted the amendment allowing the Lopezes to file their First Amended Complaint ("FAC"). Doc. 24

The Lopezes filed their First Amended Complaint newly requesting a declaratory judgment that "any debt" or "lien" "has been discharged" and a permanent injunction; and newly asserting the affirmative defenses of "Compulsory Counterclaim and Res Judicata" and "Standing." Doc. 19-1 at 4–6, 13. The Lopezes also reassert claims for common law fraud, breach of contract, violation of RESPA, and violation of the TDCPA, but newly allege the discharge, challenges to the notarization of documents, and loan modification requests not referenced in the Original Petition. *Id*. at 6–11. The FAC is also reformatted into a federal Complaint rather than a state Petition.

According to their Response, the Lopezes assert that their "request for declaratory judgment" concerning "compulsory counterclaims in a prior lawsuit," along with "new factual

allegations" differentiate the Original Petition from the FAC. Doc. 20 at 2–3. Thus, the Lopezes request that the Court deny the pending motion to dismiss without prejudice. *Id*. at 3. The Court agrees.

Our sister courts have held that a pending Rule 12(b)(6) becomes moot when a plaintiff files an amended complaint that makes substantive changes, such as "new causes of action" and "more specific facts." *Maxim Integrated Products, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. SA-14-CV-1030-XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) (collecting cases). If deficiencies persist from one complaint to another, however, the motion to dismiss should not be denied as moot. *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). In such a situation, the court should instead apply the motion to dismiss to the amended complaint. *Id.* (citing *Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996); *Sunset Fin. Resources, Inc. v. Redevelopment Grp. V, LLC*, 417 F. Supp. 2d 632, 642 n.15 (D.N.J. 2006)).

Here, the FAC states new causes of action and adds additional facts. The FAC adds requests for declaratory judgment, permanent injunction, and two related affirmative defenses. The FAC also adds more specific and new facts concerning discharge, documents, and parties' actions. Thus, the FAC moots the Banks' Motion to Dismiss. *Compare Maxim Integrated Products*, 2015 WL 10990119, at *1 *with Mora*, 2007 WL 120006, at *2. The Banks should be allowed to file a Motion to Dismiss in response to the FAC. FED. R. CIV. P. 12. Accordingly, the Court hereby

**ORDERS** that Packer Plus's Motion to Dismiss, Doc. 10 is **DENIED** as moot without prejudice to reurging a similar motion against the FAC.

SIGNED at Houston, Texas, this 13th day of March, 2018.

                                               _____
                                                            MELINDA HARMON
                                         UNITED STATES DISTRICT JUDGE