United States District Court
Southern District of Texas

**ENTERED**

July 31, 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENARO LOPEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00697 |
| | § | |
| BANK OF AMERICA, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Document No. 27), in which Defendants Bank of America, N.A. ("BANA"), Mortgage Electronic Systems, Inc. ("MERS"), and Santander Bank, N.A., ("Santander") (collectively, "Banks") argue that Plaintiffs Genaro Lopez and Mary R. Lopez ("Lopezes") have failed to state a claim for which relief may be granted. Having considered Banks' Motion (Document No. 27), Plaintiffs' Response (Document No. 32), the additional briefing, the allegations in Plantiffs' live pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Banks' Motion to Dismiss (Document No. 27) be GRANTED and that Plantiffs' clams against Banks all be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

### I.   Background and Procedural History

On February 3, 2017, Plantiffs Genaro Lopez and Mary R. Lopez initiated this suit in the 190th District Court of Harris County, Texas, complaining about the foreclosure on their residence located at 10311 Fountain Shores Drive, Houston, Texas 77065 (the "Property")[1].

---

[1] In Plaintiffs' First Amended Complaint (Document No. 26), Plaintiffs describe their purchased property as being located at 8702 Sailing Drive, Humble, Texas 77346. However, the

Document No. 26. Defendant Banks removed the case to this Court on the bases of federal question jurisdiction and diversity jurisdiction.

In Plaintiffs' First Amended Complaint, the Lopezes allege they applied several times for a loan modification from BANA. Document No. 26 at 3. Instead of receiving a loan modification, Plaintiffs' loan was assigned to Sovereign Bank in 2012, now Santander. *Id.* at 3. The Lopezes allege that Santander sent them a Notice of Foreclosure and an Acceleration Notice without first sending them any Notice of Default, and that they were not given an opportunity to cure any default. *Id.* at 4. The Lopezes assert claims against Banks for fraud, breach of contract, violations of the Real Estate Settlement Procedures Act (RESPA), and violations of the Texas Fair Debt Collection Practices Act. *See generally id.* The Lopezes further seek a permanent injunction against Banks and a declaratory judgment that (1) Plaintiffs' debt to Defendant Banks has been discharged, (2) that any lien on the Property in favor of Banks has been discharged, and (3) that Plaintiffs possess legal and equitable title to the Property. *Id.*

In their Motion to Dismiss, Banks argue that the Lopezes have not, and cannot, state a plausible claim against them for common law fraud because Plaintiffs have alleged no set of facts in support of their claim (Document No. 27 at 10) and Plaintiffs' allegations that the debt and lien are both judicially extinguished contradict precedent established by the Fifth Circuit. *Id.* at 11. Additionally, Banks argue that any common law fraud claim is barred by the statute of limitations and the economic loss doctrine (*Id.* at 7-9); the Lopezes have not, and cannot, state a claim for breach of contract because the Lopezes have not stated any facts in support of their claim and, given their default on the Note, cannot maintain a suit for its breach (*Id.* at 15); the

---

Note and Deed of Trust, attached to Plaintiffs' First Amended Complaint as Exhibits A and B, respectively, refer to the Property as it is described herein, located on Fountain Shores Drive. *See* Document No. 26.

2

Lopezes have not, and cannot, state a claim for violations of TDCPA because they have failed to identify specific provisions of the TDCPA that Defendants have violated (*Id.* at 15); the Lopezes have not, and cannot, state a claim for RESPA violations because they have not stated any facts in support of their claim, such as when Plaintiffs submitted their modification requests (*Id.* at 17); the Lopezes cannot state a plausible claim for declaratory judgment because there is no underlying cause of action on which to base their claim (*Id.* at 4); and the Lopezes cannot state a plausible claim for injunctive relief because they did not establish the four required elements for entitlement to injunctive relief. *Id.* at 6.

Plaintiffs have filed a Response to Defendants' Motion to Dismiss (Document No. 32) and Defendants have filed a Reply Brief in Further Support of Their Motion to Dismiss (Document No. 33).

## II.     Standard of Review

### A.     Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's

3

liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly,* 550 U.S. at 556-57; *Iqbal,* 129 S.Ct. at 1950-51.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are not more than conclusions are not entitled to the assumption of truth." *Iqbal,* at 1950. It is only then that the court can view the well pleaded *facts,* "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* at 1950.

### B.     Judgment on the Pleadings

Pursuant to FED. R. CIV. P. 12(h)(2), a defending party may move for dismissal of a claim "for failure to state a claim upon which relief can be granted" with a Rule 12(c) motion for judgment on the pleadings. When such a motion is made, the standards provided for under Rule 12(b)(6) and the cases interpreting it are to be applied. *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209-10 (5th Cir. 2010).

## III.   Discussion

In their response to Banks Motion to Dismiss, the Lopezes reiterate and expand on many of their claims. Document No. 32. They maintain that Banks failed to seek foreclosure on the Property as part of a compulsory counterclaim in a previous suit between the same parties and, therefore, Defendants' attempts at foreclosure are now barred by *res judicata. Id.* at 8. The Lopezes also argue that they had no notice of the Corrective Assignment assigning the Deed of

Trust to Santander instead of Sovereign. *Id.* at 3. Then, Plaintiffs argue that the Corrective Assignment does not comply with the Texas Property Code (*Id.* at 15); that the conduct of Santander in a previous lawsuit "seems akin to," but is "not as egregious as," cases in which plaintiffs bring claims under a false name, constituting fraud on the court (*Id.* at 18); that injunctive relief is proper because the original assignment from MERS to Santander is "invalid and unenforceable because of improper notarization and, possibly, a forgery" (*Id.* at 19); that Plaintiffs' fraud claims are not barred by any statute of limitations because the Lopezes are seeking recovery for injuries suffered after February 3, 2013 (*Id.* at 20); and that their fraud claims are not barred by the economic loss doctrine because the rule does not apply to fraudulent inducement claims. *Id.* at 21. The Lopezes further concede that their fraud claim "could be better focused" and they provide additional information to support their common law fraud claim. *Id.* at 22. Finally, Plaintiffs withdraw their breach of contract claim (*Id.* at 25); fail to refute Defendants' arguments for dismissal of the TDCPA and RESPA claims (*see generally id.*); fail to refute Defendants' arguments the Plaintiffs lack standing to challenge the 2012 assignment (*Id.*); and request leave to amend. *Id.* at 25.

### A.      The *Kaspar* Rule

In Plaintiffs' First Amended Complaint, they allege their debt to Defendants has been discharged and any lien on the Property similarly discharged under FED. R. CIV. P. 13 and the principles of *res judicata* because Banks did not file a foreclosure counterclaim in previous litigation between the two parties, thereby precluding Banks from foreclosing now. Document No. 26 at 5. Plaintiffs' position has been soundly rejected by the Fifth Circuit, which has made clear that the compulsory counterclaim rule does not apply under these circumstances.

5

In *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.), appellant borrower contended that the compulsory counterclaim rule barred any action by appellee to collect on the note at issue due to appellee's failure to file a compulsory counterclaim in appellant's prior action to cancel the note. The Fifth Circuit held that,

> "[T]he mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclose under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies."

*Kaspar v. Keller*, 466 S.W.2d at 329; *see also Douglas v. NCNB Texas Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) ("when a borrower files an action challenging the validity of a secured debt, the state's compulsory counterclaim rule [ ] does not require the secured party to counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure."). The Fifth Circuit makes clear in *Douglas*:

> The federal counterclaim rule, FED. R. CIV. P. 13(a), is inapplicable if it abridges, enlarges, or modifies the plaintiff's or defendant's substantive rights. Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default, and debtors have no right to force the lender to pursue a judicial foreclosure remedy. Application of rule 13(a) in the instant case would abridge the lender's substantive rights and enlarge the debtor's substantive rights. Thus, we believe it is appropriate in this case to follow the state's practice of permitting a lender to refrain from filing a counterclaim on overdue notes and to wait to pursue either a judicial or nonjudicial foreclosure remedy.

*Douglas*, 979 F.2d at 1130. In the instant case, there is no substantive rationale to support the Lopezes' argument that Banks' claims should be subject to preclusion. Based on *Kaspar*, Plaintiffs' claims that the debt owed to Defendants and the lien on the Property were extinguished by Defendants failure to bring these claims in the 2013 litigation should be dismissed.

### B.    Plaintiffs' Claims for Fraud

The Lopezes allege in their First Amended Complaint that Banks engaged in fraud by failing to "review and consider Plaintiffs' requests for a loan modification or other loss mitigation alternatives" (Document No. 26 at 6); proceeding with a foreclosure that was "based on an invalid assignment for a debt and lien that had been judicially extinguished" (*Id.*); and depending on an assignment that was "improperly notarized and appears to be invalid." *Id.* at 7.

To state a claim for common law fraud a plaintiff must allege and show: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on it; and (7) the representation caused the plaintiff injury." *Williams-Mitchell v. Bank of Am., N.A.*, No. CV H-16-1408, 2017 WL 5649609, at *4 (S.D. Tex. Feb. 9, 2017) (quoting *Shandong Yinguang Chem. Indus. Joint Stock Ci., Ltd. v. Pacific Mutual Life Ins. Co.*, 607 F.3d 1029, 1032–33 (5th Cir. 2010)). Claims of fraud are subject to a heightened level of pleading under FED. R. CIV. P. 9(b), requiring the circumstances surrounding the fraud be pled with particularity. FED. R. CIV. P. 9(b); *see Tuchman v. DSC Comm'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994), *cert. denied*, 522 U.S. 966 (1997). In the Fifth Circuit, this requires the plaintiff to include allegations of "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman*, 14 F.3d at 106. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were

fraudulent."); *see also Am. Realty Trust, Inc. v. Hamilton Lane Advisors*, 115 Fed. Appx. 662 (5th Cir. 2004) (noting that Rule 9(b) requirements have not been articulated in great detail because what constitutes particularity differs with the facts of each case).

Here, the Lopezes have not alleged their fraud claim with the particularity required by Rule 9(b). Plaintiffs rest their fraud claim on the meritless allegation that their debt to Defendants and the lien on the Property have both been extinguished. They fail to establish the *when, where, and how* the fraud took place. As Banks point out, the Lopezes do not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent" (citing *Sullivan*, 600 F.3d at 550). Document No. 27 at 10. Instead, the Lopezes complain generally that they were not offered loss mitigation options; they were not provided notice of the corrective assignment; and the notary for the 2012 assignment did not file her notary book for public review. *Id.* at 7. Further, claims for common law fraud are subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004(a). Insofar as Plaintiffs suffered their injuries prior to February 3, 2013, their claims are barred by the statute of limitations. For these reasons, Plaintiffs' claims against Defendants for common law fraud should be dismissed failure to state a cognizable claim.

## C.   Breach of Contract

The Lopezes initially allege a claim against Banks for breach of contract, but later withdraw their allegation, conceding that they were in default and had not, themselves, complied with the contractual provisions of the loan agreement. Document No. 32 at 25. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("[It] is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."); *see also Gulf Pipe*

8

*Line Co. v. Nearen*, 13 S.W2d 1065, 1068 (Tex. 1940) ("[It] is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach."). The Lopezes' breach of contract claims should therefore be dismissed.

### D.    Violations of Real Estate Settlement Procedures Act (RESPA)

Plaintiffs' RESPA claims are premised on their allegations that Defendants violated 12 C.F.R. § 1024.41(f)(2)(i) because, "Defendants failed to provide Plaintiffs with any definitive reason why their numerous and repeated requests for loan modification or other mortgage relief assistance had been denied." Document No. 26 at 10. Plaintiffs correspondingly request damages under § 2605(f) of RESPA. *Id.* at 9. The Lopezes assert that Defendants' act or omission violated RESPA because the statute provides that Banks "cannot file for judicial or non-judicial foreclosure while the Borrower has submitted a complete loss mitigation application that remains pending." *Id.* at 10.

Under 12 C.F.R. § 1024.41, if a mortgage servicer receives a complete loss mitigation application from the borrower, the mortgage servicer must evaluate the borrower for all loss mitigation options available and provide the borrower with notice of the mortgage servicer's determination of which loss mitigations, if any, it will offer. Additionally, RESPA contains various prohibitions on foreclosure referrals if the borrower submits a complete loss mitigation application. 12 C.F.R. § 1024.41(f)(2). "To recover, a claimant must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014); *see also Solis v. U.S. Bank, N.A.*, No. CA. H-16-00661, 2017 LEXIS 211711, at *10 n.10 (S.D. Tex. June 23, 2017) (granting the defendant's motion to dismiss the RESPA claim under § 1024.41 because, *inter alia*, the plaintiffs "fail to establish a nexus

between any of [the defendant's] alleged RESPA violations and the damages suffered as a result").

As the Defendants argue, and Plaintiffs do not dispute, Plaintiffs "do not allege any facts relating to their purported applications or 'modification requests,' such as when they were submitted, how they were submitted, and/or whether the applications were submitted with supporting financial information." Document No. 27 at 18. In their Amended Complaint (Document No. 26) and Plaintiffs' Response to Defendants' Motion to Dismiss (Document No. 32), the Lopezes do not counter any allegations associated with Defendants' motion to dismiss the RESPA claim for failure to state a cognizable claim. Failure to address a defendant's arguments in a response to a motion to dismiss results in the abandonment of the claim. *Brackens v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-3458-L, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) (dismissing wrongful foreclosure claim) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim may be considered abandoned where a plaintiff fails to defend it in response to a motion to dismiss)). Accordingly, Plaintiffs' claims that Defendants violated 12 C.F.R. § 1024.41 and their corresponding request for damages under Section 2605(f) of RESPA are subject to dismissal for failure to state a claim.

### E.    Violations of Texas Fair Debt Collection Practices Act (TDCPA)

Plaintiffs allege Banks violated the TDCPA by making an "intentional or knowing misrepresentation" of the debt to be collected (Document No. 26 at 11); "using false representations or deceptive means to collect...any debt" (*Id.* at 12); failing to provide a Notice of Default[2] and posting the Property for foreclosure (*Id.* at 11); and attempting to foreclose on a

---

[2] Plaintiffs concede in their Response to Defendants' Motion to Dismiss that they did receive a Notice of Default from Banks. Document No. 32 at 25.

lien that was purportedly extinguished. *Id.* Plaintiffs, however, fail to identify any specific provisions of the TDCPA that the Defendants have violated.

The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers. See TEX. FIN. CODE ANN. §§ 392.301–392.306. The TDCPA defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE ANN. § 392.001(6) (West 2006). This can include "actions taken in foreclosing [on] real property." *Sanghera v. Wells Fargo Bank, N.A.,* No. 3:10–CV–2414–B, 2012 WL 555155, at *7 (N.D.Tex. Feb. 21, 2012) (citation omitted); *Swim v. Bank of Am.,* No. 3:11–CV–1240–M, 2012 WL 170758, at *5 (N.D.Tex. Jan. 20, 2012).

Failure to identify a specific provision of the TDCPA warrants dismissal of Plaintiffs' claim. *Wilson v. Wells Fargo Bank, N.A.*, No. 3:13-CV-2257-O, 2014 WL 815352, at *7 (N.D. Tex. Mar. 3, 2014). *See Iqbal,* 556 U.S. at 678 (to survive dismissal, the complaint must provide sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). In their Amended Complaint (Document No. 26) and Plaintiffs' Response to Defendants' Motion to Dismiss (Document No. 32), the Lopezes do not counter any allegations associated with Defendants' motion to dismiss the TDCPA claim for failure to state a cognizable claim. Accordingly, Plaintiffs' claims against Defendant Banks for violating the TDCPA should be dismissed for failure to state a claim.

## F.    Declaratory Judgment

In their claim for Declaratory Judgment, Plaintiffs seek a declaration that "(1) any debt or other outstanding obligation of Plaintiffs to Defendants associated with the Property has been discharged, and (2) that any lien interest on the Property in favor of Defendants has been

discharged. Plaintiffs further seek a declaration that they possess legal and equitable title to the Property." (Document No. 26 at 5.)

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.,* 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that Plaintiffs' underlying substantive claims are all subject to dismissal under Rule 12(b)(6), Plaintiffs' claim for declaratory relief is subject to dismissal as well.

### G.     Injunctive Relief

In their claims for injunctive relief, Plaintiffs seek to prevent "any further acts by Defendants…for any interest in the Property." Document No. 26 at 5. The Lopezes have not plead sufficient entitlement as a matter of law. To demonstrate entitlement to permanent injunctive relief, the moving party must establish, "(1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *VRC LLC v. City of Dallas*, 460 F.3d 307, 611 (5th Cir. 2006). The Amended

Complaint (Document No. 26) does not allege any facts to satisfy the elements for injunctive relief. Accordingly, Plaintiffs claim for such relief should be dismissed.

## IV. Availability of Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies... unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, given that (1) the Lopezes lost a previous lawsuit in 2013 against Defendants for the same Property and (2) they have already amended their pleading once in the present case, subsequent to receiving Defendants' first Motion to Dismiss, but have alleged no additional facts to make any of their claims plausible, the Lopezes should not be allowed to amend their complaint again in an effort to circumvent dismissal of his implausible claims. *See, e.g., Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (stating that "repeated failure to cure deficiencies with prior amendment... dilatory motive and futility of amendment" should be considered when determining leave to amend).

## V. Conclusion and Recommendation

Based on the foregoing and the conclusion that Plaintiffs have failed to state any claims for which relief may be granted, the Magistrate Judge

RECOMMENDS that Defendant Banks' Motion to Dismiss (Document No. 27) be GRANTED and that Plaintiffs' claims against Banks be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 30th day of July, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

14